IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 8:00CR111 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | MEMORANDUM AND ORDER |
| ) | |
| JONATHON E. NEWSON, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (§ 2255 Motion) filed by the defendant (Filing No 37).

**FACTUAL BACKGROUND**

The defendant pleaded guilty to Count I of an Indictment charging a violation of 21 U.S.C. § 841(a)(1), possession with intent to distribute a controlled substance.  This court sentenced the defendant on October 17, 2000, to the custody of the Bureau of Prisons for 121 months, to be followed by three years of supervised release.  The defendant did not appeal his conviction or sentence.

On August 8, 2003, this court entered an order scheduling a hearing to review the defendant's motion to compel a Rule 35 hearing.  (Filing No. 35.)  At this hearing, this court granted the defendant 30 days to file a § 2255 motion stating that the motion would be deemed filed on August 1, 2003.  (Filing No. 36.)

The defendant filed his § 2255 motion on September 10, 2003.  Upon initial review, this court ordered the government to answer defendant's motion and specifically to address whether this court had the authority to extend the one-year statute of limitations established

by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") for filing a § 2255 motion. (Filing No. 40.)

In his § 2255 motion defendant claims that the United States unreasonably withheld a motion for a downward departure as a result of his substantial assistance in the resolution of a homicide.

## DISCUSSION

28 U.S.C. § 2255 permits a prisoner in custody under a sentence imposed by a federal court to move the sentencing court to vacate, set aside or correct the sentence if the sentence was imposed in violation of the Constitution or laws of the United States, or the court was without jurisdiction to impose such sentence, or the sentence was in excess of the maximum authorized by law, or the sentence is otherwise subject to collateral attack. The AEDPA, Pub. L. No. 104-132, 110 Stat.1214, added a one-year statute of limitations to 28 U.S.C. § 2255, effective April 24, 1996. Consequently, the one-year period of limitations for a § 2255 motion begins to run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

This court filed the defendant's judgment on October 17, 2000. Because neither party filed a direct appeal, the defendant's judgment and conviction became final on or

about November 17, 2000. Under this analysis, the statute of limitations expired on or around November 17, 2001. It could be argued that the statute of limitations does not run until after the deadline for filing a Rule 35 motion for downward departure. That would be "the date on which the facts supporting the claim . . . could have been discovered . . . " pursuant to § 2255 (4). The deadline for filing a Rule 35 motion for departure is one year from the date of judgment. Fed. R. Crim P. 35 (b)(1). The defendant could not learn of the government's final decision concerning a motion for departure until the expiration of that year. Consequently, the defendant should have known the government did not intend to file a motion for downward departure in his case on or after October 17, 2001. The § 2255 statute of limitations gives the defendant until October 17, 2002 to file.

The defendant filed his § 2255 motion on September 10, 2003, well after the limitations period expired under either analysis. Furthermore, even if this court deems the motion submitted as of August 1, 2003, the defendant filed the motion well after the AEDPA one-year statute of limitations expired. After reviewing the submissions from the parties, and in light of the relevant case law, this court finds that it does not have the authority to extend the statute of limitations set forth in the AEDPA. *See,* e.g., <u>Green v. United States</u>, 260 F.3d 78, 82-83 (2d Cir. 2001); <u>Application of Wattanasiri</u>, 982 F. Supp. 955, 957 (S.D.N.Y. 1997). It was explained to the parties that after filing the § 2255 motion this court would use its usual screening methods before deciding whether the motion should proceed on its merits. (Filing No. 43.) The initial screening method includes a review of the timeliness of motions. Thus, based on the timing of the motion, this court is compelled to dismiss the defendant's § 2255 motion as untimely.

IT IS ORDERED:

1. Defendant's "Motion Under 28 U.S.C. 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Filing No. 37) is denied.

2. A separate Judgment will be issued; and

3. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 26th day of October, 2005.

BY THE COURT:


s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
UNITED STATES DISTRICT JUDGE